MEHITABLE HUBBARD *vs.* MEHITABLE BARKER, Executrix.

Where, for the purpose of invalidating the consideration of a promissory note, evidence has been introduced to show that it was one of several notes given by a person since deceased, in pursuance of a general design to settle his estate, declarations of the maker in relation to the consideration of such notes, made a few days after they were given, are incompetent.

CONTRACT upon a promissory note. The answer alleged a want of consideration.

At the trial in the superior court, the plaintiff produced the note and proved the signature, and then rested. It was proved in defence that the maker of the note was the grandmother of the plaintiff, and the mother of the defendant. The defendant was introduced as a witness, and was asked if her mother, the maker of the note declared on, at or about the time of the date of this note gave other notes, without consideration, to other members of the family. This being objected to by the plaintiff, the defendant's counsel stated that he proposed to show that this was one of various notes given at or about the same time, in pursuance of a scheme for the settlement of the maker's estate, and that one was given because the others were; whereupon *Rockwell*, J. ruled that the evidence was competent; and the defend-

ant answered that several notes dated the same day and pay-able to certain other grandchildren of the testatrix were put into her hands some days after this date, by Mrs. Hubbard, the mother of the plaintiff, and that those notes were not in exist-ence now; and the defendant was then asked if those notes were without consideration; this was objected to, but admitted. The defendant was then asked, whether at or about the time these notes were given she had any conversation with her mother about these notes; this evidence was objected to, but the court allowed her to testify to a conversation with her mother " a few days after," and after the notes to the other grandchildren were put into her hands, as a part of the *res gestæ.*

A verdict having been rendered for the defendant, the plaintiff alleged exceptions.

*J. P. Jones,* for the plaintiff.

*S. B. Ives, Jr.* for the defendant.

DEWEY, J. In a defence like the present, a somewhat greater latitude in the introduction of evidence than would be proper generally upon the question of consideration of a promissory note may perhaps be conceded. Thus, in aid of showing the fact that this note was given to the payee for the purpose of distributing the maker's estate, without executing a will under the forms of the statute, it might be competent to show that, concurrently with making this note, there was a plan for a settle-ment of the estate of the maker, by giving to sundry persons similar notes in lieu of legacies; and that, in pursuance of this purpose, the present note, and sundry others to different per-sons, were made and delivered to the payees.

But the case here goes much further; and in the defence a witness was allowed to testify to a conversation with the maker of this note " a few days after " the notes were given, and after the notes to the other grandchildren were put into the hands of the witness. This testimony was admitted as a part of the *res gestæ.* Assuming the note to the plaintiff to have been executed and delivered at its date, as would be the presumption in the absence of evidence to the contrary, declarations of the maker of the note to a third person holding other notes to other

persons, but similar in phraseology, could not be admitted as competent to control this note.

After the making and delivery of this note to the payee, it was too late for the maker, by subsequent declarations to the party holding such other notes, to create evidence to sustain a defence by herself or her legal representatives to this note absolute in its terms, and on its face a valid note from the time of delivery.

While the general character of the defence was one that was open, this particular portion of the evidence ought to have been rejected.                                      *Exceptions sustained.*